UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD JOSEPH KARPIO,

                Plaintiff,

v.                                      **DECISION AND ORDER**
                                              12-CV-699S

BERNZOMATIC CORP., WORTHINGTON
CYLINDER WISCONSIN, LLC, WORTHINGTON
CYLINDER CORPORATION, and TRACTOR
SUPPLY COMPANY,

                Defendants.

## I. INTRODUCTION

In this personal injury action, Plaintiff Ronald Joseph Karpio alleges that he was injured while operating a gas-cylinder torch manufactured by Defendants Worthington Cylinder Wisconsin, LLC, and Worthington Cylinder Corporation (collectively "Worthington").

Presently before this Court is Worthington's Motion to Dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and under Rule 37(b) for failure to comply with court orders. For the reasons stated below, Worthington's motion is granted.

## II. BACKGROUND

Plaintiff has been represented by counsel since the inception of this case. Plaintiff initiated this action in New York State Supreme Court, Cattaraugus County, on March 8, 2012. (Docket No. 1.) Worthington removed the action to federal court on July 24, 2012.

(Id.) Plaintiff thereafter took no action, which resulted in this Court issuing a Notice Before Dismissal for Failure to Prosecute on January 28, 2013. (Docket No. 6.) Plaintiff's counsel responded to that notice in an affirmation filed on March 1, 2013, explaining that his lack of attention to this matter was largely the result of confusion concerning his admission status and difficulty with the electronic filing system. (Docket No. 7.) This Court accepted counsel's explanation, and, with those two issues resolved, permitted the case to proceed. (Docket Nos. 7, 8.)

Plaintiff thereafter filed a complaint against all defendants.[1] (Docket No. 9.) He then took no further action. After this matter was referred to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, on August 27, 2013, Plaintiff failed to comply with the deadlines in Judge Schroeder's case management orders (Docket Nos. 14, 19), failed to cooperate with the mediator and participate in automatic mediation (Docket Nos. 20, 23), and failed to appear before Judge Schroeder or respond to the court's attempts to reach him (Docket No. 23). Judge Schroeder therefore recommended that Worthington file the instant motion to dismiss. (Docket No. 23.) Plaintiff did not respond to Judge Schroeder's recommendation in any way.

Following Judge Schroeder's recommendation, Worthington filed a Motion to Dismiss for Failure to Prosecute on January 28, 2015. (Docket No. 24.) This Court issued a scheduling order on February 2, 2015, directing Plaintiff to file a response by February 17, 2015. (Docket No. 25.) Plaintiff failed to file a response as directed. This Court thereafter issued another scheduling order on March 9, 2015, directing Plaintiff to file a

---

[1] Plaintiff has never served Defendants Bernzomatic Corp. or Tractor Supply Company.

response to Worthington's motion by March 25, 2015.  (Docket No. 26.)  Again, Plaintiff failed to file a response as directed.

### III.  DISCUSSION

A.  **Dismissal under Rule 41(b) For Failure to Prosecute**

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define failure to prosecute.  But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."  Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980)

(discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving pro se plaintiffs, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

Here, Plaintiff is solely at fault for failing to prosecute: he has been uncommunicative; has failed to comply with court orders; has failed to appear as directed;

has failed to participate in mediation; and has failed to conduct discovery.

With respect to duration, Plaintiff's inaction has caused unnecessary delay of more than 18 months. This is a failure of significant duration. See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal).

Thus, this Court finds that this factor weighs in favor of dismissal — all delay is attributable to Plaintiff and is of significant duration.

### 2.  Notice of Dismissal

The Second Circuit requires that a plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, there can be no question that Plaintiff had adequate notice: he received this Court's Notice Before Dismissal for Failure to Prosecute in January 2013 (Docket No. 6); he received a warning in April 2013 that he had to move his case forward or it could be dismissed for failure to prosecute (Docket No. 8); and he received Judge Schroeder's recommendation that Worthington file a Motion to Dismiss for Failure to Prosecute in January 2015 (Docket No. 23). Because Plaintiff was on notice that his case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused Judge Schroeder and this Court to prepare and file several case-management and scheduling orders, and to schedule and conduct several court proceedings. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record, it is this Court's opinion that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff and his attorney have repeatedly ignored directives by failing to appear in court, failing to file responses as directed, and failing to meet mediation and discovery obligations. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs

in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

**B.     Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders**

"A district court may impose sanctions when 'a party . . . fails to obey an order to provide or permit discovery.'" Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 594, 598 (W.D.N.Y. 1996) (quoting FED. R. CIV. P. 37(b)).  Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders.  See Friends of Animals, Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); see also Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 195 (W.D.N.Y. 2005) (identifying dismissal of the action as an available sanction under Rule 37); JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

Although Rule 37 dismissal is a drastic remedy reserved for only extreme circumstances, it "is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (and cases cited therein); see also Societe Int'l v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's

order).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with Judge Schroeder's discovery orders.

## IV. CONCLUSION

Plaintiff has inexplicably failed to diligently prosecute this action and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

## V. ORDERS

IT HEREBY IS ORDERED, that Worthington's Motion to Dismiss (Docket No. 24) is GRANTED.

FURTHER, that this case is DISMISSED with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     April 21, 2015
           Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Senior United States District Judge